UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL HACKWORTH,

    Petitioner,

    v.                                CAUSE NO. 3:21-CV-117-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Michael Hackworth, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his sentence for cocaine dealing under Case No. 79D02-1008-FA-21. Following a trial, on August 6, 2010, the Tippecanoe Superior Court sentenced him as a habitual offender to sixty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Hackworth asserts that he is entitled to habeas relief on four grounds, but they are each based on the premise that the trial court should not have considered out-of-state felonies, felonies committed more than ten years ago, Class D felonies, or Level 6 felonies to enhance his sentence as a habitual offender. He contends that the law on this issue has been unchanged in Indiana since 1981. The Indiana statute authorizing habitual offender enhancements is codified at Ind. Code. § 35-50-2-8 and has been amended on numerous occasions since 1981. *See e.g., Tuell v. State*, 118 N.E.3d 33, 37

(Ind. App. 2019) ("As to the habitual offender statute itself, the General Assembly has amended it several times since 1992."); *Townsend v. State*, 793 N.E.2d 1092, 1096 (Ind. App. 2003) ("Thus, Townsend is correct that Indiana courts have disfavored double enhancements under the previous version of the habitual offender statute. However, that statute was amended effective July 1, 2001."); *Bell v. State*, 654 N.E.2d 856, 858 (Ind. App. 1995) ("Under the new version, the court has far greater flexibility in imposing habitual offender enhancements."). "The sentencing statute in effect at the time a crime is committed governs the sentence for that crime." *Harris v. State*, 897 N.E.2d 927, 928–29 (Ind. 2008). Hackworth committed the crime of his conviction in 2010. *Hackworth v. State*, 2020 WL 6605347 (Ind. App. 2020). The version of the habitual offender statute in effect in 2010 does not prohibit the use of out-of-state, ten-year old felonies, Class D felonies, or Level 6 felonies as a basis for a habitual offender enhancement. Ind. Code. § 35-50-2-8 (2010). Therefore, Hackworth's claims are not a basis for habeas relief.

Pursuant to Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Hackworth to proceed further

For these reasons, the court:

(1) DISMISSES this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES Michael Hackworth a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on February 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT